RECEIVED
IN LAKE CHARLES, LA

JAN 13 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMANDA KEATING, et al | : | DOCKET NO. 2:09 CV836 |
| VS. | : | JUDGE MINALDI |
| COMPRO TAX, INC., et al | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is a Motion for Entry of Default Judgment against the defendants, Gas Recovery Partners 2GP, CH4, Green Earth, Calvert & Associates, Inc., and Gregory Guido (collectively, the "default-defendants"), filed by the plaintiffs, Amanda Keating, et al [Doc. 43]. No Opposition has been filed.

## FACTS

The plaintiffs brought this class action lawsuit to recover damages arising out of an alleged tax fraud scheme. According to the complaint, taxpayers would purchase an interest in a nonconventional energy production facility, and claim a federal income tax credit for the production and sale of the fuel produced by these facilities. The investments tied to the credits were purportedly provided by certain promoters, who allegedly induced a number of tax preparers (e.g., the sub-promoter defendants) across the country to offer these credits to their clients. False documents, including false production statements, substantiated the promoter's claims that the production facilities produced qualified fuel.[1]

---

[1] Class Action Pet. For Damages ¶¶ 59-68 [Doc. 24].

The IRS and the United States Department of Justice, however, took the position that these credits were illegitimate, disallowing the credits for all taxpayers who claimed them. The facilities allegedly did not produce energy, and there was purportedly no infrastructure in place to produce energy. In fact, the promoters allegedly had no ownership interest in the energy production facilities, and according to the complaint, the individual promoters, Gregory Guido and George Calvert, advanced this fraudulent conspiracy by establishing sham entities to sell these interests. As a result, the plaintiffs alleged causes of action for breach of contract, conspiracy, fraud, negligence, unjust enrichment, among others.[2] After the plaintiffs filed this lawsuit, certain promoter defendants (i.e., the default-defendants) failed to answer or otherwise appear. Accordingly, the clerk of court entered default on September 17, 2010 [Doc. 41].

## DEFAULT JUDGMENT

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After 14 days have elapsed since the Clerk's entry of default, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of a default judgment by the Court when the plaintiff's claim does not involve "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1), (2). If an entry of default has been entered against a defendant, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 2688 (3d ed.

---

[2] Class Action Pet. For Damages ¶¶ 65-95, 197 [Doc. 24].

1998). The Court may conduct a hearing to determine the amount of damages, but Rule 55(b)(2) "gives the judge wide latitude in determining whether such a hearing will be beneficial." *James v. Frame (In re Frame)*, 6 F.3d 307, 311 (5th Cir. 1993). Here, default judgment is appropriate.

Here, the default-defendants have failed to answer or otherwise defend this lawsuit. Taking the plaintiffs' factual allegations as true, default judgment is appropriate. The default-defendants are liable for the plaintiffs' damages. There is, however, an issue as to the amount of damages. Pursuant to Rule 55(b)(2), this Court has significant discretion over the determination of damages. *Id.* Accordingly, this Court will stay the determination of damages until, at least, class certification. As a result, it is

ORDERED that the plaintiffs Motion for Default Judgment is GRANTED;

IT IS FURTHER ORDERED that, at the discretion of the Court, a determination of damages is STAYED pending Class Certification.

Lake Charles, Louisiana, this __12_day of ___January___ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3